UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8000 CAS (FFMx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | KEIFER ROCKBURN v. NORTHWEST AIRLINES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Aaron Brock | Gregory Wong<br>Todd Wozniak | |

**Proceedings:** DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINTIFF'S CALIFORNIA LAW CLAIMS (filed 3/18/08)

## I.    INTRODUCTION

On October 23, 2007, plaintiff, a California resident, filed a complaint against his former employer, defendant Northwest Airlines, in the Los Angeles County Superior Court. Plaintiff was formerly a flight attendant for defendant. Plaintiff alleges that he was an employee in good standing until his termination, on or about May 15, 2006. Compl. ¶¶ 7, 11; Declaration of Keifer Rockburn ("Rockburn Decl.") ¶ 5.

Plaintiff alleges that shortly before his termination, he informed defendant that he was suffering from medical problems, including rheumatoid arthritis and HIV, and requested that defendant change his work location to Los Angeles so that he could receive medical attention there. Id. ¶¶ 8, 9. Plaintiff alleges that less than two weeks after making this request, defendant terminated his employment. Id. ¶ 9. Plaintiff alleges that defendant informed him that his termination was due to plaintiff's purported violation of defendant's attendance policy. Id. ¶ 10. Plaintiff alleges that defendant's real reasons for terminating him were based on plaintiff's medical condition, disability, sexual orientation, and/or plaintiff's request for a leave of absence. Id. ¶ 13.

At the time of his termination, plaintiff was assigned to work primarily from an airport in Detroit, Michigan, where he had worked since July 31, 2005. Rockburn Decl. ¶ 3. At all relevant times, plaintiff resided in Los Angeles. Compl. ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8000 CAS (FFMx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | KEIFER ROCKBURN v. NORTHWEST AIRLINES | | |

     Plaintiff alleges the following claims that arise from alleged violations of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.* ("FEHA"): (1) disability discrimination; (2) medical condition discrimination; (3) sexual orientation discrimination; (4) failure to accommodate; (5) failure to engage in the interactive process; (6) failure to prevent discrimination; (7) failure to investigate discrimination and harassment; (8) retaliation; (9) harassment; and (10) wrongful termination.  Additionally, plaintiff alleges claims for (11) wrongful termination in violation of public policy; (12) retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the California Family Rights Act, Cal. Gov. Code § 12945.2 *et seq*. ("CFRA"); and (13) interference in violation of the CFRA.

     On December 7, 2007, defendant timely removed the action to this Court based on diversity jurisdiction and federal question jurisdiction.[1]  Defendant filed an answer on December 14, 2007.  On February 7, 2008, the Court denied defendant's motion to transfer this action to the United States District Court for the Eastern District of Michigan.

     Defendant filed the instant motion for judgment on the pleadings on March 18, 2008.  On April 7, 2008, plaintiff filed an opposition thereto.  Defendant filed a reply on April 14, 2008.  Defendant's motion is presently before the Court.

**II.   LEGAL STANDARD**

     A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain.  See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996).  In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party.  NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In Re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994).  For purposes of the motion, the moving party concedes the

---

[1] For diversity purposes, plaintiff is a citizen of California, and defendant is a citizen of Minnesota.  Compl. ¶ 2; Notice of Removal ¶ 9.  It appears from the face of the complaint that the jurisdictional amount is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8000 CAS (FFMx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | KEIFER ROCKBURN v. NORTHWEST AIRLINES | | |

accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

### III.    DISCUSSION

Defendant moves for judgment on the pleadings as to plaintiff's state law claims. Defendant argues that these claims are time-barred. Defendant further argues that these claims must be dismissed because the statutes upon which plaintiff relies may not be applied with respect to conduct occurring outside of California. Defendant also maintains that applying California law in regard to defendant's out-of-state conduct would violate its due process rights. Finally, defendant argues that California choice of law rules dictate that Michigan law should apply to plaintiff's claims.

All of these arguments turn on whether or not plaintiff worked in California during the relevant time period. If plaintiff's claims arise from his employment in California, this would undermine defendant's statute of limitations argument, which is essentially that plaintiff's claims are time-barred because he has not worked in California since April 2003. Furthermore, if plaintiff worked in California during the relevant time period, defendant's contentions that FEHA and the CFRA do not apply extraterritorially would appear to be a nonissue. Likewise, defendant's arguments that its due process rights would be violated and that Michigan law applies would be undercut if plaintiff was employed in California during the relevant time period.

Plaintiff asserts in his opposition that "Rockburn was assigned to one particular airport ('base airport') at any given period of time and . . . work assignments or flight 'patterns' originated from and ended at that base airport." Opp'n 5. However, plaintiff goes on to assert that he began his work *shifts* by flying from Los Angeles to his base airport. Opp'n 6. Plaintiff asserts that he would "work his shift" at the base airport "and then fly back to Los Angeles, California." Id. The complaint is silent on the question of whether plaintiff's work shifts began in California, when he embarked on his journey to an out-of-state base airport, or whether these shifts began when he arrived at his base airport.

The answer to the key question of whether or not plaintiff's claims arise from his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8000 CAS (FFMx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | KEIFER ROCKBURN v. NORTHWEST AIRLINES | | |

employment in California turns on facts regarding the terms and conditions of his employment. Therefore, this question is best addressed on a motion for summary judgment. For this reason, the Court DENIES defendant's motion for judgment on the pleadings. However, on the Court's motion, plaintiff is directed to amend the complaint within thirty days to set forth more specific allegations regarding the extent to which he was employed in California during the relevant time period.

### IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES defendant's motion for judgment on the pleadings.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |